331 F.2d 1020
 118 U.S.App.D.C. 100
 BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al., Appellants,
v.
CERTAIN CARRIERS REPRESENTED BY THE EASTERN, et al.,
CONFERENCE COMMITTEES etal., Appellees.
BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEMEN et al., Appellants,
v.
CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY et al., Appellees.
BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Appellant,
v.
CERTAIN CARRIERS REPRESENTED BY the EASTERN CARRIERS
CONFERENCE COMMITTEES etal., Appellees.
BROTHERHOOD OF LOCOMOTIVE ENGINEERS, Appellant,
v.
UNION PACIFIC RAILROAD et al., Appellees.
 Nos. 18331-18334.
 United States Court of Appeals District of Columbia Circuit.
 Argued Jan. 31, 1964.
Decided Feb. 20, 1964, Certiorari Denied April 27, 1964, See
84 S.Ct. 1181,1182.
 
 Mr. Lester P. Schoene, Washington, D.C., with whom Mr. Milton Kramer, Washington, D.C., was on the brief, for appellants in Nos. 18,331 and 18,332.
 Mr. Max Malin, Washington, D.C., for appellant in Nos. 18,333 and 18,334.
 Mr. David L. Rose, Atty., Dept. of Justice, with whom Asst. Atty. Gen. John W. Douglas, Messrs. J. William Doolittle, Morton Hollander and Howard E. Shapiro, Attys. Dept. of Justice, were on the brief, for appellees The United States, The Attorney General and Members of Arbitration Bd. No. 282.
 Mr. Francis M. Shea, Washington, D.C. with whom Messrs. Lawrence J. Latto, Washington, D.C., Richard J. Flynn, Washington, D.C., and J. R. Wolfe, Chicago, Ill., were on the brief, for carrier appellees.
 Mr. Leonard B. Boudin, Washington, D.C., filed a brief on behalf of Transport Workers Union of America, AFL-CIO, as amicus curiae, urging reversal.
 Before WILBUR K. MILLER, DANAHER and WRIGHT, Circuit Judges.
 PER CURIAM.
 
 
 1
 In the summer of 1963, the appellant unions and the appellee railroads had reached an impasse in their negotiations concerning proposed changes in working conditions, including the question whether firemen should be required on diesel-powered locomotives in freight and yard service. In order to avoid a nation-wide strike which was threatened in consequence, Congress adopted a Joint Resolution,[1] approved August 28, 1963, creating an arbitration board to decide what disposition should be made of the issues about which the parties were unable to agree. The Board's award, said Congress, 'shall be binding on both the carrier and organization parties to the dispute and shall constitute a complete and final disposition of the aforesaid issues * * *.'
 
 
 2
 After lengthy hearings, the Board made an award on November 26, 1963, with which the unions were dissatisfied. They filed these suits to impeach the award, as permitted by Section 9 of the Railway Labor Act, 45 U.S.C. 159, which was made applicable by the Joint Resolution; they also attacked the Resolution as unconstitutional and asked preliminary injunctions against the enforcement of the award. The appellants in Nos. 18,331 and 18,332 filed a motion that a statutory three-judge court be constituted, in which the appellants in Nos. 18,333 and 18,334 did not join. The District Court denied the motion for a three-judge court, and disposed of cross-motions for summary judgment by granting that of the defendants, denying that of the plaintiffs, and dismissing the complaints. The unions appeal.
 
 
 3
 Error is charged in the denial of the motion for a three-judge court. The Brotherhood of Locomotive Firemen necessarily based the motion on its allegation that the Joint Resolution is unconstitutional and on its prayer that
 
 
 4
 'Said defendants and said other carriers and persons be preliminarily enjoined and restrained from putting said award in effect until a hearing is had and a determination made by the Court of the right of the plaintiffs to a permanent injunction.'
 
 
 5
 It is well understood that a plaintiff is not entitled to a three-judge court merely because he prays for an injunction against the enforcement of a statute he claims is unconstitutional. There must at least be an allegation that enforcement is threatened and therefore imminent. In this case there was no such allegation; in fact, we were told the parties have stipulated that nothing would be done to effectuate the award before the termination of this litigation. There must also be substantial grounds for the charge that the statute is unconstitutional. In this case, there was none, as the District Court's opinion pointed out.
 
 
 6
 We have given meticulous consideration to the parties' voluminous briefs and extensive oral arguments, and have concluded that the opinion of District Judge Holtzoff is a correct and adequate disposition of the issues presented. On the basis of his opinion, D.C., 225 F.Supp. 11 (1964), we affirm his judgment.
 
 
 7
 It is so ordered.
 
 
 8
 J. SKELLY WRIGHT, Circuit Judge (concurring in part and dissenting in part):
 
 
 9
 I agree with my colleagues that the award was in accordance with the governing statute, Public Law 88-108, 88th Cong., 1st Sess., 77 Stat. 132. The objections to the Board's actions which are here raised concern matters within its special competence.
 
 
 10
 However, I would reverse and remand so that a District Court of three judges may consider the constitutionality of the statute. It seems clear to me that the constitutional issues raised are substantial, and that, unless an injunction issues, the statutory scheme will continue in force prohibiting the unions from striking. P.L. 88-108, 1. Thus a three-judge court is required. 28 U.S.C. 2282.
 
 
 11
 The issue of constitutionality raised in these suits cannot be decided within the special review provided by the governing statute. That statute, 44 Stat. 585, 45 U.S.C. 159, in providing for review by the District Court and this court of the Board's award, states:
 
 
 12
 'Third. Such petition for the impeachment or contesting of any award so filed shall be entertained by the court only on one or more of the following grounds:
 
 
 13
 '(a) That the award plainly does not conform to the substantive requirements laid down by this chapter for such awards, or that the proceedings were not substantially in conformity with this chapter;
 
 
 14
 '(b) That the award does not conform, nor confine itself, to the stipulations of the agreement to arbitrate; or
 
 
 15
 '(c) That a member of the board of arbitration rendering the award was guilty of fraud or corruption; or that a party to the arbitration practiced fraud or corruption which fraud or corruption affected the result of the arbitration: * * *'
 
 
 16
 Neither unconstitutionality nor nonconformity with the laws of the land is listed as a ground for impeachment. Consequently, the statute prohibits consideration of constitutional issues in the special proceedings under it. Thus this statute differs from special review statutes which authorize consideration of whether an action is 'in accordance with law' (e.g., Revenue Act of 1936, ch. 690, 906(g), 49 Stat. 1750; Agricultural Adjustment Act, 52 Stat. 63, 7 U.S.C. 1366). Under such statutes, constitutional issues may be raised and decided. See Anniston Mfg. Co. v. Davis, 301 U.S. 337, 345, 57 S.Ct. 816, 81 L.Ed. 1143 (1937); Lee v. Roseberry, E.D.Ky., 94 F.Supp. 324, 327 (1950) (three-judge court). Accord, Oklahoma v. Civil Service Comm'n, 330 U.S. 127, 139, 67 S.Ct. 544, 91 L.Ed. 794 (1947); Flemming v. Nestor, 363 U.S. 603, 607, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960). Cf. Eastern States Petroleum Corporation v. Rogers, 108 U.S.App.D.C. 63, 280 F.2d 611, cert. denied, 364 U.S. 891, 81 S.Ct. 222, 5 L.Ed.2d 187 (1960). No such authorizing phrase is contained in the statute here. 45 U.S.C. 159, Third.
 
 
 17
 Moreover, the statute here apparently forecloses review by the Supreme Court in providing that 'The determination of said court of appeals upon said questions shall be final.' 44 Stat. 586, 45 U.S.C. 159, Sixth. This provision raises the presumption that Congress did not intend constitutional issues to be considered within such a proceeding, for the intention to prohibit Supreme Court review of constitutional questions should not lightly be imputed to legislators sworn to uphold the Constitution. Compare Eastern States Petroleum Corporation v. Rogers, supra, 108 U.S.App.D.C. at 66, 280 F.2d at 614, and cases there cited.
 
 
 18
 I conclude, therefore, that a three-judge court should have been empaneled to hear and decide the constitutional issues raised by plaintiffs.
 
 
 
 [1]
 Public Law 88-108, 77 Stat. 132