James F. McFADDEN, Leslie Charles Bowen, et al., Plaintiffs-Appellants,

v.

SELECTIVE SERVICE SYSTEM, LOCAL BOARD 40, et al., Appellees.

No. 23591.

United States Court of Appeals Ninth Circuit.

Aug. 8, 1969.

Rehearing Denied Aug. 29, 1969.

Richard Harrington (argued), of Athearn, Chandler & Hoffman, San Francisco, Cal., for appellant.

Breed, Abbott & Morgan, New York City, of counsel, Charles H. Tuttle and Thomas A. Shaw, New York City, for amicus curiae (National Council of the Churches of Christ in the United States); Epharim Margolin, San Francisco, of counsel, Ed Lucas & Bernard Robinson, San Francisco, Cal., for the amicus curiae.

Jerry K. Cimmet (argued), Asst. U.S. Atty., Cecil F. Poole, U.S. Atty., San Francisco, Cal., for appellee.

Duane, Morris & Hecksher, Philadelphia, Pa., Johnston, Platt, Klein & Horton, Oakland, Cal., amicus curiae for appellant.

Before CHAMBERS and KOELSCH, Circuit Judges, and POWELL, District Judge.

## OPINION AND ORDER

PER CURIAM:

Bowen is under indictment for refusing induction into the military service under the Selective Service Act and is scheduled to be tried soon in the Northern District of California. McFadden has refused induction and presumptively is awaiting indictment. Bowen and McFadden assert that their Roman Catholic faith requires them to decline military service if their "individual consciences dictate that their country is now engaged in an unjust war." This, they say, is the doctrine of their church.

McFadden and Bowen have been joined by twelve individual Catholic priests in attacking selective service statutory provisions. The priests say the doctrine upon which Bowen and McFadden will apparently rest any criminal defense is what, as priests, they counsel and advise their young parishioners.

So it was contended, in this civil action for a declaratory judgment and for an injunction which would prevent prosecution of the civil plaintiffs. A three-judge district court was demanded because they were asserting constitu-

tional issues. All relief was denied by the district court. This appeal followed.

It would seem intolerable to permit Bowen to run civil proceedings for declaratory judgment parallel to his criminal charge when he is on the eve of trial.

■ Declaratory judgments in the federal system are often discretionary. In our view, discretion could not be properly exercised now in favor of Bowen. Thus, we affirm the dismissal as to Bowen. If Rule 54(b), F.R.Civ.P., is applicable here, we find there is no reason for delay. Our judgment as to Bowen shall be applicable now and the mandate as to him shall issue now. Accordingly, it is so ordered.

The case as to all other appellants is withdrawn from submission, to be resubmitted on order of the court.