**Jon HENDRICKS et al., Plaintiffs,**

**v.**

**Frank S. HOGAN et al., Defendants.**

**No. 71 Civ. 528.**

United States District Court,
S. D. New York.

March 25, 1971.

Gerald B. Lefcourt, Lefcourt, Garfinkle, Crain, Cohn, Sandler, Lefcourt, Kraft & Stolar, Robert Projansky, Florynce R. Kennedy, New York City, for plaintiffs.

Frank S. Hogan, Dist. Atty., of New York County, pro se; Paul A. Sobell, Asst. Dist. Atty., of counsel.

Louis J. Lefkowitz, Atty. Gen., of the State of New York pro se, and as attorney for defendant Nelson A. Rockefeller; Steven M. Hochberg, Asst. Atty. Gen., of counsel.

Whitney North Seymour, Jr., U. S. Atty., for the Southern District of New York pro se and as attorney for defendant John N. Mitchell; Daniel H. Murphy, II, Asst. U. S. Atty., of counsel.

WYATT, District Judge.

This is a motion by plaintiffs for the convening of a three-judge district court (28 U.S.C. §§ 2281, 2282 and 2284) and for a preliminary injunction restraining defendants from prosecuting plaintiffs under N.Y. General Business Law, McKinney's Consol.Laws, c. 20, § 136(d) or 18 U.S.C. § 700 or otherwise enforcing those statutes. The cited statutes (in short) make it an offense to defile or otherwise to cast contempt on the flag of the United States.

That part of the motion which asks for a preliminary injunction must be addressed to a three-judge court, if one be convened; it may not be considered at this stage by a single judge (28 U.S.C. §§ 2281 and 2282).

The motion was brought on by order to show cause and was heard on February 16, 1971.

This action was commenced on February 5, 1971. Jurisdiction is said to be based on 28 U.S.C. §§ 1331 and 1343 and on 42 U.S.C. § 1983. The prayer in the complaint is for the convening of a three-judge court, for a declaratory judgment that the cited New York and federal statutes are unconstitutional and void (28 U.S.C. §§ 2201 and 2202), and for interlocutory and permanent injunctions against their enforcement. The impetus for commencement of the action seems to have been an exhibition, said to have been of "art", called "The People's Flag Show" which began in the City of New York on November 9, 1970. The exhibition featured various uses or representations of the national flag.

There are twenty-two named plaintiffs. Most of these are not described in any detail in the complaint. Plaintiffs Hendricks, Ringgold and Van Imschoot are described as members of an "Independent Artists Flag Show Committee"; plaintiff Hoffman is described as the "defendant-appellant" in an appeal now pending before the United States Court of Appeals for the District of Columbia Circuit from a conviction in the District of Columbia Court of General Sessions for violation of 18 U.S.C. § 700. Otherwise, plaintiffs are described simply as "artists", and "many" are said to have been exhibitors at "The People's Flag Show".

The defendants, named individually and in their official capacities, are the Governor of the State of New York, the Attorney General of the State of New York, the District Attorney for New York County, the Attorney General of the United States, and the United States Attorney for this District.

The plaintiffs are said to be "all residents of the City and State of New York" and defendants are all said to be citizens of the United States.

The complaint avers that the Independent Artists Flag Show Committee organized "an art exhibition entitled 'The People's Flag Show'" which opened at Judson Memorial Church in Manhattan on November 9, 1970; that the show contained over 200 works of sculpture, painting, film and of other "media"; that on the evening of November 13, 1970, plaintiffs Hendricks, Ringgold and

Van Imschoot were arrested by New York City policemen at Judson Memorial Church; that a police officer ordered that the show not be opened the following day and "warned that whoever opened the show to the public would be arrested"; and that Hendricks, Ringgold and Van Imschoot are co-defendants in "a criminal prosecution" now pending in the New York City Criminal Court. As to plaintiff Hoffman, it is averred that after his arrest and conviction on November 20, 1968 for violation of 18 U.S.C. § 700 in the District of Columbia, he was invited to appear on a television show on the Columbia Broadcasting System, Inc. (CBS); that prior to the telecast the president of CBS announced to viewers that Hoffman "would be visually blacked out because he was wearing a shirt that resembled the American flag and that CBS felt that such an expression might be a violation of federal law"; that the "blackout" destroyed the effectiveness of Hoffman's presentation; that he was invited to reappear on CBS if he undertook not to wear the shirt; and that on November 9, 1970, Hoffman appeared at the People's Flag Show wearing "a replica of the shirt in which he attempted to appear on CBS and in which he had been arrested on October 3, 1968" (presumably this was his arrest in the District of Columbia).

The reason for the arrest and prosecution of plaintiffs Hendricks, Ringgold and Van Imschoot is not made to appear in the body of the complaint, but Appendix 1 to the complaint is a copy of an affidavit of a police officer which accuses Ringgold, Hendricks and Van Imschoot of violating N.Y. General Business Law § 136(d) "by the act of exhibiting * * * [the United States] flag in open view so formed as to resemble in shape a human penis, and draped from a toilet bowl and other manner to mock, descrate (sic), and hold the flag up for public contempt * * *".

It is averred in the complaint that the statutes and the arrests inhibit the exercise by plaintiffs of their First Amendment right of free speech "to communicate ideas about vital social issues using the American flag as a medium of expression * * *" and that the statutes are "so vague and indefinite" that they deprive plaintiffs of "liberty without due process of law, in violation of the Fifth and Fourteenth Amendments * * *".

The affidavits of Hendricks, Ringgold, Van Imschoot, and Hoffman and of Lefcourt (their attorney) in support of this motion repeat the averments of the complaint. The brief in support of the motion elaborates constitutional arguments for plaintiffs.

The issues as to plaintiffs Hendricks, Ringgold and Van Imschoot and N.Y. Business Law § 136(d) on the one hand, and as to plaintiff Hoffman and 18 U. S.C. § 700 on the other are different and will be considered separately.

I

"Any person who * * * [s]hall publicly mutilate, deface, defile, or defy, trample upon, or cast contempt upon either by words or act * * * any * * * flag, standard, color, shield or ensign [of the United States or the state of New York] * * * [s]hall be guilty of a misdemeanor." N.Y. General Business Law § 136(d).

Section 2281 of Title 28 of the United States Code provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any State statute by restraining the action of any officer of such State in the enforcement or execution of such statute or of an order made by an administrative board or commission acting under State statutes, shall not be granted by any district court or judge thereof upon the ground of the unconstitutionality of such statute unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

As seen by the section just quoted, a three-judge court is required for the grant of an injunction.

■ If injunctive relief is not available to plaintiffs, whether the constitutional claims are substantial or not, then a three-judge court should not be convened. Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606, 611 (4th Cir. 1970); Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129, 134 n. 7 (2d Cir. 1967).

■ A number of recent decisions of the Supreme Court make it clear that no injunction should issue to restrain the criminal prosecution in New York Courts of plaintiffs Hendricks, Ringgold, and Van Imschoot. Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669; Boyle v. Landry, 401 U.S. 77, 91 S.Ct. 758, 27 L.Ed.2d 696; Samuels v. Mackell, 401 U.S. 66, 91 S.Ct. 764, 27 L.Ed.2d 688; Perez v. Ledesma, 401 U.S. 82, 91 S.Ct. 674, 27 L.Ed.2d 701; Dyson v. Stein, 401 U.S. 200, 91 S.Ct. 769, 27 L.Ed.2d 781 and Byrne v. Karalexis, 401 U.S. 216, 91 S.Ct. 777, 27 L.Ed.2d 792, all decided February 23, 1971.

Probably the closest of these decisions to the situation at bar is Younger v. Harris. There the Court found, from the history of what is now 28 U.S.C. § 2283, a strong federal policy against interference with state criminal proceedings. The cited section reads as follows:

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

In Younger v. Harris, with which the other decisions are consistent, it was held that a federal court should not, except in very rare cases, enjoin an existing state criminal prosecution. Such rare cases can only be those where both great and immediate irreparable injury can be shown; examples given were bad faith and harassment in the enforcement of state laws, continuation of a series of repeated prosecutions without hope of obtaining any valid conviction, and state criminal laws which are on their face patently and flagrantly unconstitutional.

■ In light of the Younger v. Harris principles, there are no grounds alleged in the complaint (or in the moving affidavits) that would permit the granting of federal injunctive relief against the pending state prosecution. There is no allegation that any plaintiffs except Hendricks, Ringgold and Van Imschoot have been arrested or threatened with arrest under the New York statute; indeed, except as to Hoffman, nothing is stated about the other plaintiffs except that they are also "artists" and that "many" exhibited objects at the show. Thus, consideration need only be given to the claims of the three plaintiffs named above. Younger v. Harris, 401 U.S. 41–42, 91 S.Ct. 749–750; Boyle v. Landry, 401 U.S. at 80–81, 91 S.Ct. at 760.

As to them, nothing is alleged which, if proven, would support a finding that the prosecution has been brought "in bad faith without hope of obtaining a valid conviction". Perez v. Ledesma, 401 U.S. at 85, 91 S.Ct. at 677. As plaintiffs specifically point out in their complaint, the statute here involved has been found constitutional by the New York Court of Appeals in People v. Radich, 26 N.Y.2d 114, 308 N.Y.S.2d 846, 257 N.E.2d 30 (1970), affirmed by an equally divided court, 401 U.S. ——, 91 S.Ct. 1217, 28 L.Ed.2d 287 (March 24, 1971); none of the elements of prosecution for "verbal" (as distinct from "symbolic") speech found constitutionally offensive in Street v. New York, 394 U.S. 576, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969), are alleged to be involved here.

■ The claim is made in the complaint, but not urged on this motion, that the statute is being enforced discriminatorily against persons, like plaintiffs, with unpopular views. This might

be said to go to the issue of "bad faith". It was held in this Circuit, however, and long before Younger v. Harris, that no federal injunction against a state criminal proceeding will issue on a claim of discriminatory enforcement if that claim may be raised in the state court proceeding as a defense. Moss v. Hornig, 314 F.2d 89, 91 (2d Cir. 1963). That a claim of discriminatory enforcement may be raised as a defense to a criminal charge is clear in New York law. People v. Walker, 14 N.Y.2d 901, 252 N.Y. S.2d 96, 200 N.E.2d 779 (1964); People v. Utica Daw's Drug Store, 16 A.D.2d 12, 225 N.Y.S.2d 128 (4th Dept. 1962).

No claim of harassment is made in the complaint sufficient to satisfy the standards in Younger v. Harris. It is not alleged there have been threats of repeated prosecutions or multiple arrests. Indeed, there is nothing in the complaint that indicates any confrontation between plaintiffs and police before or after the evening of November 13, 1970, when the arrests of Hendricks, Ringgold and Van Imschoot were allegedly made. The arrests themselves are not said to have been illegal nor is it claimed that anything was illegally seized.

■ There is no basis for any claim that the statute sought to be enjoined is "flagrantly and patently" in violation of the words of the Constitution, no matter how applied or to whom. Allegations of overbreadth, vagueness and "facial" invalidity are insufficient. For example, the complaint in Samuels v. Mackell, found wanting under the rule in Younger v. Harris, alleged that the statute in question was "void for vagueness in violation of due process, and an abridgment of free speech, press, and assembly, in violation of the First and Fourteenth Amendments * * *". Samuels v. Mackell, 401 U.S. at 67, 91 S.Ct. at 765. In Byrne v. Karalexis, it was alleged that the statute was "void on its face and as applied". Byrne v. Karalexis, 401 U.S. at 218, 91 S.Ct. at 778. In Younger v. Harris itself it was claimed

that "the prosecution and even the presence of the Act inhibited [plaintiff] in the exercise of his rights of free speech and press, rights guaranteed * * * by the First and Fourteenth Amendments". Younger v. Harris, 401 U.S. at 39, 91 S.Ct. at 748. Claims that a statute is "'on its face' * * * vague or overly broad" or that it "'may inhibit the full exercise of First Amendment freedoms'" (the so-called "chilling effect") have "never been considered a sufficient basis, in and of [themselves], for prohibiting state action". Younger v. Harris, 401 U.S. at 50–51, 91 S.Ct. at 753–754.

The attacks on the state statute here involved do not go beyond what was found insufficient in Younger v. Harris and its companion cases.

The statute, N.Y. General Business Law § 136(d), is not "flagrantly and patently unconstitutional", no matter how applied or to whom. Although the question whether desecration of the flag by acts instead of words might be constitutionally punished was expressly reserved by Mr. Justice Harlan for the majority in Street v. New York, above cited, Mr. Chief Justice Warren, and three other justices each indicated in separate dissenting opinions that, as the Chief Justice put it, 394 U.S. at 605, 89 S.Ct. at 1372, "the States and the Federal Government do have the power to protect the flag from acts of desecration and disgrace". See also Cole v. Graybeal, 313 F.Supp. 48, 49–50 (W.D.Va.1970), and Hodsdon v. Buckson, 310 F.Supp. 528, 532 (D.Del.1970). Further, using Mr. Justice Harlan's "state interest" analysis in Street v. New York, our Court of Appeals has recently suggested that the purpose of enacting Section 136(d) was "to prohibit incitement of onlookers to unlawful acts * * *". Long Island Vietnam Moratorium Committee v. Cahn, 437 F.2d 344, 349 (2d Cir. 1970). After the affirmance of People v. Radich, above, by an equally divided Supreme Court, it thus appears that the State of New York may have the power to regulate and to punish

acts of physical desecration of the flag and that it has at least one legitimate state interest in doing so.

Plaintiffs may have a valid claim that the statute is overbroad, or vague, or that it impinges on their First Amendment rights of freedom of speech; no opinion is expressed on these points. They may assert this claim in the state criminal prosecution. They may not secure an injunction from a three-judge court to restrain that prosecution.

To repeat, there is nothing in the complaint or in the moving affidavits which indicates that any threat to federally protected rights of plaintiffs Hendricks, Ringgold and Van Imschoot "cannot be eliminated by [their] defense against a single criminal prosecution * * *". Younger v. Harris, 401 U.S. at 46, 91 S.Ct. at 751. Accordingly, the motion to convene a three-judge court, so far as it concerns N.Y. General Business Law § 136(d), must be denied.

### II

The federal statute here involved (18 U.S.C. § 700(a)) is as follows:

"Whoever knowingly casts contempt upon any flag of the United States by publicly mutilating, defacing, defiling, burning, or trampling upon it shall be fined not more than $1,000 or imprisoned for not more than one year, or both."

Section 2282 of Title 28 of the United States Code provides:

"An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to the Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title."

■ There is no claim or indication that any plaintiff except Hoffman has ever been tried, indicted, arrested or threatened with arrest for violation of 18 U.S.C. § 700(a). There is no "allegation that enforcement is threatened" by the defendant federal officials, as would be necessary (at a minimum) for equitable relief. Brotherhood of Locomotive Firemen and Enginemen v. Certain Carriers Represented by the Eastern Conference Committees, 118 U.S.App.D.C. 100, 331 F.2d 1020, 1022 (D.C. Cir.), cert. denied, 377 U.S. 918, 84 S.Ct. 1181, 12 L.Ed.2d 187 (1964). The mere existence of the statute and a general statement by the defendant United States Attorney that he will faithfully execute the duties of his office (Seymour affidavit, pp. 2–3) is insufficient. Watson v. Buck, 313 U.S. 387, 398–403, 61 S.Ct. 962, 85 L.Ed. 1416 (1941). Accordingly, no further consideration of the claims of any plaintiff except Hoffman is warranted.

■ As to plaintiff Hoffman, the complaint avers that he was arrested on October 3, 1968 for violation of 18 U.S. C. § 700, and that he was convicted of that offense in the District of Columbia Court of General Sessions on November 20, 1968; that an appeal from that conviction is pending in the United States Court of Appeals for the District of Columbia Circuit; that after his conviction he was invited to appear on a telecast by CBS, but that his image was blacked out in the transmission because CBS felt the shirt which he wore and which resembled the American flag "might be in violation of federal law"; that he was invited to reappear on CBS if he did not wear the shirt; and that he appeared at the People's Flag Show wearing "a replica of the shirt in which he attempted to appear on CBS and in which he had been arrested on October 3, 1968".

The averment that Hoffman appeared at the People's Flag Show wearing the offending shirt adds nothing to his claims since, so far as appears, no federal officer took any action or threatened to take any action against him, under 18 U.S.C. § 700 or otherwise. If anything, the fact that he wore the short at that time and at the time of the CBS telecast tends to show that Hoffman has not been inhibited from wearing the shirt

by his prosecution and conviction in the District of Columbia.

That CBS "visually blacked out" the shirt is no ground for an injunction against these defendants. CBS, not a defendant, presumably chose not to risk violation of the federal statute. In this connection, only the defendant federal officials are concerned and nothing is shown to indicate any threat to prosecute Hoffman or anybody else. See Watson v. Buck, above at 400–401, 61 S. Ct. 962.

It affirmatively appears that all the claims raised here for Hoffman are raised in his defense in the District of Columbia. Hoffman appealed his conviction to the District of Columbia Court of Appeals, which affirmed on August 14, 1969 (Hoffman v. United States, 256 A.2d 567). Inquiry made of the Clerk's Office of the United States Court of Appeals for the District of Columbia Circuit indicates that on September 30, 1969 Hoffman filed in the United States Court of Appeals for the District of Columbia Circuit a petition for allowance of an appeal from the decision of the District of Columbia Court of Appeals. This petition was allowed by order filed December 2, 1969. The appeal (which bears docket number 23514) was argued before Circuit Judges Fahy, McKinnon and Robb on December 18, 1970 and is presently under consideration by the Court.

Certainly Hoffman should not be allowed to convene a three-judge court to hear claims which he has urged and is urging in a criminal proceeding in a federal court in the District of Columbia. Majuri v. United States, 431 F.2d 469 (3d Cir.), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970); McFadden v. Selective Service System, Local Board 40, 415 F.2d 1140 (9th Cir. 1969).

The motion for the convening of a statutory three-judge court is denied. The plaintiffs have not shown that they are entitled to any relief.

So ordered.