**Robert Grady HEAD et al.**

v.

**Richard Milhouse NIXON and Melvin Laird.**

**Civ. A. No. 72-26.**

United States District Court, E. D. Louisiana, New Orleans Division.

May 12, 1972.

Robert Grady Head, Michael Colby, Don W. Hartline, Virginia Schooley, Barbara F. Scott, Nick Doyle, Duke Edwards, Michael D. Stark, Darlene Fife, Lester V. Wallin, Mrs. John Pitts, John Pitts, David Lindsay McBurnett, Lindy Colby, Christopher M. Campbell, James H. Mashberg, David Larose, and William F. Rushton, in pro. per.

James D. Carriere, Asst. U. S. Atty., for defendants.

COMISKEY, District Judge.

The plaintiffs are suing as citizens, taxpayers and registered voters and bring this action on behalf of themselves and of others similarly situated. The object of their suit is to halt the fund-

---

ing of the Vietnam War by having enjoined the enforcement of certain statutes providing such funds. Plaintiffs wish to have enjoined as unconstitutional P.L. 91–441, Sec. 502(a), 1970 U.S.Code Cong. & Admin.News, pp. 1057–1058, and P.L. 91–668, Title VI and Section 838(a), 1970 U.S.Code Cong. & Admin.News, pp. 2369–2370, 2376, both of which provide funds for the Vietnam War.

Plaintiffs contend that these laws violate several constitutional provisions. Their main emphasis is on Article I, Section 8, Clause 11 of the Constitution which provides that "The Congress shall have Power . . . To declare War."

The plaintiffs ask for the convening of a three-judge court, which request is now being considered. Under 28 U.S.C. § 2282 an injunction restraining the enforcement of any Act of Congress as being violative of the Constitution may only be granted by a three-judge court. However, we are of the opinion that the constitutional challenge involved herein cannot be passed upon by a federal court because the issues raised constitute a nonjusticiable political question. Since the constitutional issues consequently would not be reached, we hold that a three-judge court should not be convened. "If injunctive relief is not available to plaintiffs, whether the constitutional claims are substantial or not, then a three-judge court should not be convened." Hendricks v. Hogan, 324 F.Supp. 1277, 1281 (S.D.N.Y.1971). "While the matter may not be free from doubt, we think inability of the court to grant relief even if the constitutional claim were well founded justifies dismissal by a single judge." Utica Mutual Insurance Co. v. Vincent, 375 F.2d 129, 134 at n. 7 (2nd Cir. 1967), cert. denied, 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967). In Davi v. Laird, 318 F.Supp. 478 (W.D.Va.1970), the court held that the plaintiffs' claim that the Vietnam War violates the constitution was a political question and that the convening of a three-judge court was not required. See also: Maryland Citizens for a Representative General Assembly v. Governor of Maryland, 429 F.2d 606 (4th Cir. 1970); Pederson v. Breier, 327 F.Supp. 1382 (E.D.Wis.1971); and Buckley v. Gibney, 332 F.Supp. 790 (S.D.N.Y. 1971), aff'd 449 F.2d 1305 (2nd Cir. 1971).

The guidelines which should be followed by a court in determining whether a particular issue constitutes a political question were set forth by the Supreme Court in Baker v. Carr, 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962), when Justice Brennan said:

"It is apparent that several formulations . . . may describe a political question . . . . Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question."

It has been held that the constitutionality of the Vietnam War is a nonjusticiable political question. In Luftig v. McNamara, 126 U.S.App.D.C. 4, 373 F.2d 664, 665 (1967), the court refused to pass on a constitutional challenge to the Vietnam War, saying:

"[T]hese propositions are so clear that no discussion or citation of authority is needed. The only purpose to be accomplished by saying this much on the subject is to make it clear to others comparably situated and similarly inclined that resort to the courts is futile, in addition to being wasteful of judicial time, for

which there are urgent legitimate demands.

"It is difficult to think of an area less suited for judicial action than that into which Appellant would have us intrude. The fundamental division of authority and power established by the Constitution precludes judges from overseeing the conduct of foreign policy or the use and disposition of military power; these matters are plainly the exclusive province of Congress and the Executive."

In United States v. Crocker, 294 F.Supp. 776, 777 (D.Minn.1969), aff'd 420 F.2d 307 (8th Cir. 1970), the court said, "Arguments attempting to show the lack of wisdom of the Vietnam War or of the draft system are not rightly directed to the court, but rather are political questions belonging in the halls of Congress."

It has also been held that even though a federal court has the power to determine whether or not there has been some mutual participation in the conduct of the war between the President and the Congress, once such participation is established the court is precluded by the political question doctrine from determining whether this constitutes valid Congressional authorization of the war. In Orlando v. Laird, 443 F.2d 1039, 1043–1044 (2nd Cir. 1971), cert. denied 404 U.S. 869, 92 S.Ct. 94, 30 L.Ed.2d 113 (1971), the Second Circuit said:

"Beyond determining that there has been *some* mutual participation between the Congress and the President, which unquestionably exists here, with action by the Congress sufficient to authorize or ratify the military activity at issue, it is clear that the constitutional propriety of the means by which Congress has chosen to ratify and approve the protracted military operations in Southeast Asia is a political question. The form which congressional authorization should take is one of policy, committed to the discretion of the Congress and outside the power and competency of the judiciary, because there are no intelligible and objectively manageable standards by which to judge such actions. Baker v. Carr, *supra*, 369 U.S. at 217, 82 S.Ct. 691; Powell v. McCormack, *supra*, 395 U.S. 486 at 518, 89 S.Ct. 1944, 23 L. Ed.2d 491."

Similar conclusions were reached by the courts in DaCosta v. Laird, 448 F.2d 1368 (2nd Cir. 1971), cert. denied 405 U.S. 979, 92 S.Ct. 1193, 31 L.Ed.2d 255 (1972); Davi v. Laird, *supra*, 318 F. Supp. 478 (W.D.Va.1970); and United States v. Sisson, 294 F.Supp. 511 (D. Mass.1968).

The Court is of the strong opinion that this matter is a political question which lies outside the scope of proper judicial determination. We therefore hold that a three-judge court should not be constituted in this case.